**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700

**Erika Heath, Attorney At Law**
Erika Heath, Esq. (SBN: 304683)
erika@heathlegal.com
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone: (415) 426-7850
*Attorneys for Plaintiff,*
Susan Salgado

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUSAN SALGADO,** | **Case No.: 8:22-cv-00383** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;** |
| **CITIGROUP CORPORATE HOLDINGS, INC. D/B/A CITIBANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.,** | **2.) CONSUMER CREDIT REPORTING AGENGY ACT, CAL. CIV. CODE §§ 1785 ET SEQ.** |
| | **3.) CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §1798.93, ET SEQ.;** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

///

**COMPLAINT FOR DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

### INTRODUCTION

1.  Plaintiff Susan Salgado ("Plaintiff") is a victim of identity theft.

2.  An unknown and unauthorized individual unlawfully used Plaintiff's personal information to make unauthorized charges totaling over $7,000 on Plaintiff's Citibank credit card. Citigroup Corporate Holdings, Inc. d/b/a Citibank, N.A. ("Defendant Citibank") is now attempting to collect the entire debt from Plaintiff.

3.  Plaintiff provided Defendant Citibank with a full Identity Theft Notification ("IDTN") by certified mail, sent on August 5, 2021, and received by Defendant Citibank on August 16, 2021, which include written notice that Plaintiff was a victim of identity theft, a signed affidavit of identity theft, a police report regarding the identity theft, a copy of her driver's license, 5 copies of her signature, address verification for Plaintiff, and an annotated copy of Plaintiff's consumer disclosures with disputed items circled.

4.  Nonetheless, Defendant Citibank has continued to attempt to collect the full fraudulent amount from Plaintiff, and Defendants Equifax Information Services, LLC ("Defendant Equifax"), Experian Information Solutions, Inc. ("Defendant Experian"), and Trans Union, LLC ("Defendant Trans Union") continue to report the fraudulent debt to Plaintiff's credit.

5.  As alleged herein, Defendant Citibank has repeatedly refused to investigate Plaintiff's claims of identity theft, and have instead maintained an interest in money which is the product of identity theft in violation of: the California Identity Theft Act ("CITA"), Cal. Civ. Code §§ 1798.93 et seq.

6.  In addition, Defendant Citibank has furnished incorrect and/or incomplete information regarding the alleged debt based on identity theft to at least one Credit Reporting Agency ("CRA"), and Citigroup Corporate Holdings, Inc. d/b/a Citibank, N.A. appears on Plaintiff's Equifax, Trans Union, and Experian consumer disclosures in violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25.

7.  Plaintiff has disputed Defendant Citibank's reporting to Defendant Citibank, Defendant Equifax, Defendant Experian, and Defendant Trans Union, and each Defendant has failed to do a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

8.  **SUSAN SALGADO**, by her attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **CITIGROUP CORPORATE HOLDINGS, INC. D/B/A CITIBANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.** for violations of: (1) the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., ("FCRA") , (2) California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq. ("CCRAA"), and (3) the California identity Theft Act ("CITA"), Cal. Civ. Code §§ 1798.93 et seq.

9.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

10.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11.  All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

12.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

13.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

14. At all times relevant, Plaintiff was an individual residing within the State of California.

15. All correspondence referenced herein was sent to Plaintiff as an address located within the State of California.

16. The CITA found at §§ 1798.92-1798.93, provides that "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." A claimant is someone "who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." A victim of identity theft is "as person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard." Additionally, a victim of identity theft is entitled to a civil penalty of up to $30,000 if the victim shows that: 1) at least 30 days prior to filing a court case (or within the cross-complaint), the victim provided written notice to the claimant that a situation of identity theft might exist and explain the basis for that belief, 2) that the claimant failed to diligently investigate the victim's notification of a possible identity theft, and 3) that the claimant continued to pursue its claim after it was presented with facts that were later held to entitle the victim to a judgment pursuant to CITA. Other remedies available to a CITA victim include actual damages, attorneys' fees and costs, and equitable relief that the court deems appropriate.

## FCRA and CCRAA

17. The FCRA, found at 15 U.S.C. §§ 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

18.  The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Cal. Civ. Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

19.  Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected

///

---

[1] 15 U.S.C. §1681(a)(4)
[2] Cal. Civ. Code § 1785.1(d)

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

20. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

21. This action arises out of Defendants' violations of: (1) the FCRA, (2) CCRAA, and (3) the CITA.

22. This Court has personal jurisdiction over Defendants as they do business within the State of California, have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in the State of California through the promotion, sale, and marketing of their products and services within this state, to render the exercise of jurisdiction by this Court proper.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

24. Plaintiff is natural person who resides in Orange County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

25. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

26. Defendant Citigroup Corporate Holdings, Inc. d/b/a Citibank, N.A. is a Delaware corporation operating from an address of 388 Greenwich Street, New York, NY 10013, and is a "person" as defined by 15 U.S.C. § 1681a(b).

27. Defendant Citibank purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through

1    identity theft and is therefore a "claimant" as that term is defined by Cal. Civ.

2    Code § 1798.92(a).

3    28.  This case involves Plaintiff's "consumer report" as that term is defined by 15

4        U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by

5        Cal. Civ. Code § 1785.3(c).

6    29.  Defendant Citibank is a furnisher of information as contemplated by FCRA

7        sections 1681s-2(a) & (b), that regularly and in the ordinary course of business

8        furnishes information to one or more consumer reporting agencies about

9        consumer transactions or experiences, and is a "person" who "furnished

10       information on a specific transaction or experience to any consumer credit

11       reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

12   30.  Defendant Equifax Information Services, LLC is a Georgia corporation operating

13       from an address of 1550 Peachtree Street NW, Atlanta, GA 30309, and is a

14       "person" as defined by 15 U.S.C. § 1681a(b).

15   31.  Defendant Trans Union, LLC is a Delaware corporation operating from an

16       address of 555 West Adams Street, Chicago, IL 60661, and is a "person" as

17       defined by 15 U.S.C. § 1681a(b).

18   32.  Defendant Experian Information Solutions, Inc. is an Ohio corporation

19       operating from the address of 475 Anton Blvd., Costa Mesa, CA 92626, and is

20       a "person" as defined by 15 U.S.C. § 1681a(b).

21   33.  Defendants Experian, Equifax, and Trans Union are each a "consumer reporting

22       agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred

23       to as "Consumer Reporting Agencies" or "CRAs").

24   34.  Plaintiff is informed and believes, and thereon allege that at all times herein

25       mentioned Named Defendant were agents, officers, directors, managing agents,

26       employee and/or joint venturer of each of their co-Defendant and, in doing the

27       things hereafter mentioned, each was acting in the scope of his authority as such

28       agent, officer, director, managing agent, employee, and/or joint venturer, and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

COMPLAINT                                                    Page 6 of 28

with the permission, knowledge, ratification, and consent of their co-Defendant, and each of them. Any reference hereafter to "Defendant" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

35. Plaintiff is an individual residing in Orange County, California.

36. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

37. Plaintiff made multiple requests for reinvestigation with the CRAs, including Defendants Equifax, Trans Union, and Experian to dispute the erroneous credit reporting by Defendant Citibank.

38. Upon information and belief, the CRAs forwarded Plaintiff's disputes to Defendant Citibank.

39. Within the five years previous to the filing of this Complaint, Defendants Equifax, Trans Union, and Experian prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Defendant Citibank.

40. Defendants Equifax, Trans Union, and Experian failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information related to Plaintiff's account held by Defendant Citibank.

41. Defendants Equifax, Trans Union, and Experian know that furnishers often fail to correct or remove information from consumer credit reports that is inaccurate due to identity theft.

42. Defendants Equifax, Trans Union, and Experian have been sued by consumers and have suffered judgments as a result of furnisher failures to correct or

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

remove information from consumer credit reports that is inaccurate due to identity theft.

43. Defendant Citibank knows that it often fails to correct or remove information from consumer credit reports that is inaccurate due to identity theft.

44. Defendant Citibank has been sued by consumers and suffered judgments as a result of its' failures to correct or remove information from consumer credit reports that is inaccurate due to identity theft.

45. Defendants Equifax, Trans Union, and Experian have willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

46. Defendant Citibank did not conduct a reasonable investigation under the FCRA after receiving dispute from the CRAs relating to Plaintiff's account.

47. In responding to the disputes received by the CRAs, Defendant Citibank conducted no investigation of the accuracy of its furnishing.

48. Other than sending the disputes to Defendant Citibank, Defendants Equifax, Trans Union, and Experian did nothing to investigate whether or not Plaintiff's was reporting accurately.

49. Plaintiff is a victim of identity theft.

50. In or around February 2020 through October 2020, Plaintiff received random t-shirts in the mail. Plaintiff did not order the t-shirts, and returned them to the address from which they were sent.

51. Plaintiff believed the t-shirts were being sent to her free of charge, though she did not understand why, because they were so aesthetically displeasing, Plaintiff was (at the time) at 56 year-old woman, and she did not wear screen printed t-shirts.

52. On or around September 26, 2020, Plaintiff called Defendant Citibank to get her monthly balance due, and was told that she was over her credit limit by $6,100. On this same phone call, Plaintiff cancelled her Citibank card, told them

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

these charges were fraudulent, and was assured by the agent she spoke with that she would not be held responsible for the fraudulent charges.

53. Plaintiff discovered that someone had also fraudulently opened a PayPal account in her name and/or using her personal information, and that is how the fraudulent payments to TeeSprings were being made using Plaintiff's Citibank card.

54. Plaintiff has never had a PayPal account. Plaintiff has never authorized anyone to open a PayPal account in her name or using her information.

55. Plaintiff is on a fixed income and does not use her Citibank card regularly.

56. Plaintiff did not authorize anyone else to use her Citibank card for any purpose.

57. Plaintiff is currently making minimum payments pursuant to a payment plan with Defendant Citibank on the card so that her credit score does not drop, but every payment she has made toward the over $7,000 balance has been toward the fraudulent balance.

58. Plaintiff does not believe she owes any of the over $7,000 fraudulent balance despite making payments.

59. On or around November 28, 2020, Plaintiff went to the Anaheim Police Department and made a report of fraud and identity theft ("Police Report").

60. On or around August 5, 2021, Plaintiff mailed a full IDTN to Defendant Citibank.

   a. The Citibank IDTN contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft. The letter stated the facts regarding Plaintiff's receipt and return of the t-shirts.

   b. The IDTN letter requested that Defendant Citibank investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

the Citibank fraudulent charges made using her personal information without his permission.

    c. The IDTN letter also requested that Defendant Citibank send, within 10 business days of receipt of the letter, Plaintiff information regarding the types of identifying information that the identity thief used to create the account, as well as copies of all records associated with the account.

    d. The IDTN included the following as enclosures: FTC Affidavit of Identity theft, Anaheim PR, California ID for Plaintiff, CA Penal Code 148.5, Plaintiff's address verification, Plaintiff's handwriting sample, and annotated copies of Plaintiff's credit reports with the disputed item circled.

61. Defendant Citibank received Plaintiff's IDTN on or around August 16, 2021.

62. Defendant Citibank never responded to Plaintiff's IDTN.

63. On or around June 1, 2021, Plaintiff mailed a full IDTN to Defendant Experian.

    a. The Experian IDTN contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft. The letter stated the facts regarding Plaintiff's receipt and return of the t-shirts.

    b. The IDTN letter requested that Defendant Experian investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the Citibank fraudulent charges made using her personal information without his permission.

    c. The IDTN letter also requested that Defendant Experian send, within 10 business days of receipt of the letter, Plaintiff information regarding the types of identifying information that the identity thief used to create the account, as well as copies of all records associated with the account.

///

---

**COMPLAINT**                                                              Page 10 of 28

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d.  The IDTN included the following as enclosures: FTC Affidavit of Identity theft, Anaheim PR, California ID for Plaintiff, CA Penal Code 148.5, Plaintiff's address verification, Plaintiff's handwriting sample, and annotated copies of Plaintiff's credit reports with the disputed item circled.

64.  Defendant Experian received Plaintiff's IDTN on or around June 7, 2021.

65.  Defendant Experian responded to Plaintiff's IDTN on June 25, 2021, stating that the Citibank account information had been verified by the furnisher.

66.  Defendant Experian responded on July 2, 2021, stating that Plaintiff's request to block the inaccurate information due to identity theft had been denied.

67.  Defendant Experian responded a second time to Plaintiff's IDTN on July 14, 2021, stating that the Citibank account information had been verified by the furnisher.

68.  On or around June 1, 2021, Plaintiff mailed a full IDTN to Defendant Equifax.

a.  The Equifax IDTN contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft. The letter stated the facts regarding Plaintiff's receipt and return of the t-shirts.

b.  The IDTN letter requested that Defendant Equifax investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the Citibank fraudulent charges made using her personal information without his permission.

c.  The IDTN letter also requested that Defendant Equifax send, within 10 business days of receipt of the letter, Plaintiff information regarding the types of identifying information that the identity thief used to create the account, as well as copies of all records associated with the account.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d.  The IDTN included the following as enclosures: FTC Affidavit of Identity theft, Anaheim PR, California ID for Plaintiff, CA Penal Code 148.5, Plaintiff's address verification, Plaintiff's handwriting sample, and annotated copies of Plaintiff's credit reports with the disputed item circled.

69.  Defendant Equifax received Plaintiff's IDTN on or around June 7, 2021.

70.  Defendant Equifax responded to Plaintiff's IDTN on June 12, 2021, stating that the investigation was ongoing, but that it was not blocking the information while the investigation was being conducted.

71.  Defendant Equifax did not respond further to Plaintiff's IDTN, but Plaintiff checked her Equifax consumer disclosure dated December 24, 2021, and the Citibank account and balance was still being reporting inaccurately.

72.  On or around June 1, 2021, Plaintiff mailed a full IDTN to Defendant Trans Union.

a.  The Trans Union IDTN contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft. The letter stated the facts regarding Plaintiff's receipt and return of the t-shirts.

b.  The IDTN letter requested that Defendant Trans Union investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the Citibank fraudulent charges made using her personal information without his permission.

c.  The IDTN letter also requested that Defendant Trans Union send, within 10 business days of receipt of the letter, Plaintiff information regarding the types of identifying information that the identity thief used to create the account, as well as copies of all records associated with the account.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d. The IDTN included the following as enclosures: FTC Affidavit of Identity theft, Anaheim PR, California ID for Plaintiff, CA Penal Code 148.5, Plaintiff's address verification, Plaintiff's handwriting sample, and annotated copies of Plaintiff's credit reports with the disputed item circled.

73. Defendant Trans Union received Plaintiff's IDTN on or around June 12, 2021.

74. Defendant Trans Union responded to Plaintiff's IDTN on June 18, 2021, stating that the block request for the inaccurate information was denied.

75. Defendant Trans Union responded to Plaintiff's IDTN again on June 23, 2021, stating that the Citibank account was updated – it was verified as accurate by the furnisher and remained on Plaintiff's Trans Union credit report.

76. Defendants have each refused to adequately investigate Plaintiff's numerous claims of identity theft, and has continued to report the alleged debt to Plaintiff's credit report(s).

77. On information and belief, Defendant Citibank, as of the date of this filing, has not stopped collecting the alleged debt from Plaintiff.

78. Defendant Citibank has maintained its claim to Plaintiff's money and/or property by maintaining that Plaintiff owes the alleged debt.

79. Simply put, Plaintiff is the victim of identity theft with respect to the unlawfully used Citibank account using Plaintiff's personal information, and Plaintiff has filed a police report expressly claiming such. This police report has been provided to Defendants Citibank, Experian, Equifax, and Trans Union.

80. Defendants have failed to stop reporting the alleged debt to Plaintiff's credit and Defendant Citibank is refusing to stop attempting to collect the alleged debt despite knowing that the alleged debt was the result of identity theft.

81. Defendant Citibank ignored Plaintiff's disputes and instead maintained its interest in Plaintiff's money and property that is the product of identity theft by: (1) continuing to report the alleged debt to Plaintiff's credit report(s), (2)

continuing to attempt to collect the alleged debt from Plaintiff, (3) maintaining that Plaintiff is responsible for paying the alleged debt, (4) reporting to the CPUC that Plaintiff actually lived at the Ridgeline address, that Plaintiff benefitted from the services, and that Plaintiff was the roommate of Cecilia Stream when all of that information is false – despite knowing that the PG&E account was opened and services used, and thus the debt was created as a result of identity theft.

82. A claimant, as defined by C.C.P. section 1798.92(a), "means a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."

83. It is clear that Defendant Citibank purports to have an interest in Plaintiff's money and property because it is still reporting the alleged debt to Plaintiff's credit report(s), it is continuing to attempt to collect the debt, and it has not disassociated this debt from Plaintiff and his personal information. This absolutely constitutes an actual or purported claim for money and/or an actual or purported interest in property on the part of Defendant Citibank.

84. Plaintiff has requested and demanded that he and his personal information be disassociated from the alleged debt, that Defendant Citibank remove the alleged debt to Plaintiff's credit reports, that Defendant Citibank stop attempting to collect the alleged debt from Plaintiff, and that Defendant Citibank acknowledge that Plaintiff does not owe this alleged debt. Defendant Citibank has failed and refused to do so.

85. Plaintiff did not consent to the use of his personal information to run up the Citibank account balance that Defendant is attempting to collect from Plaintiff.

**ACTUAL DAMAGES**

86. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by monetary loss, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss and charges for postage.

87. Plaintiff's injuries are concrete. Defendant' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

///
///
///
///

---

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST EQUIFAX, TRANS UNION, AND EXPERIAN]

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. Defendants Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

90. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

91. Defendants' conduct was willful, rendering Defendants Equifax, Trans Union, and Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants Equifax, Trans Union, and Experian were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

92. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Trans Union, and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

///

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(1)

### [AGAINST EQUIFAX, TRANS UNION, AND EXPERIAN]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. Defendants Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and by recording the current status of the disputed information or deleting the item from the Plaintiff's credit files.

95. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

96. Defendants' conduct was willful, rendering Defendants Equifax, Trans Union, and Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants Equifax, Trans Union, and Experian were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

97. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Trans Union, and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681I(A)(2)(A)

## [AGAINST EQUIFAX, TRANS UNION, AND EXPERIAN]

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

99. Defendants Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide Defendant Citibank with all the relevant information regarding Plaintiff's disputes.

100. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

101. Defendants' conduct was willful, rendering Defendants Equifax, Trans Union, and Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendants Equifax, Trans Union, and Experian were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

102. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Trans Union, and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

///
///
///
///
///
///
///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

---

COMPLAINT                                                          Page 18 of 28

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(4)

### [AGAINST EQUIFAX, TRANS UNION, AND EXPERIAN]

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. Defendants Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

105. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

106. Defendants' conduct was willful, rendering Defendants Equifax, Trans Union, and Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants Equifax, Trans Union, and Experian were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

107. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Trans Union, and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(5)(A)

### [AGAINST EQUIFAX, TRANS UNION, AND EXPERIAN]

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

---

109. Defendants Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the items of information upon an accurate reinvestigation.

110. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

111. Defendants' conduct was willful, rendering Defendants Equifax, Trans Union, and Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants Equifax, Trans Union, and Experian were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

112. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Trans Union, and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**COUNT VI**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(5)(C)**

**[AGAINST EQUIFAX, TRANS UNION, AND EXPERIAN]**

113. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

114. Defendants Equifax, Trans Union, and Experian violated 15 U.S.C. § 1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit files.

115. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

behTHE CARDOZA LAW CORPORATION

behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

116. Defendants' conduct was willful, rendering Defendants Equifax, Trans Union, and Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants Equifax, Trans Union, and Experian were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

117. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Equifax, Trans Union, and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(A)

### [AGAINST DEFENDANT CITIBANK]

118. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

119. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant Citibank violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

120. Defendant Citibank understood the nature of Plaintiff's disputes when it received an ACDV from Defendants Equifax, Trans Union, and Experian.

121. As a result of the conduct, actions and inactions of Defendant Citibank. the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

122. The conduct, actions and inactions by Defendant Citibank were willful, rendering Defendant Citibank liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Citibank was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

123. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT VIII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(B)

### [AGAINST DEFENDANT CITIBANK]

124. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

125. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

126. As a result of the conduct, actions and inactions of Defendant Citibank, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

127. The conduct, actions and inactions by Defendant Citibank was willful, rendering Defendant Citibank liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant Citibank were negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

128. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT IX

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681S-2(B)(1)(C) AND (D)
### [AGAINST DEFENDANT CITIBANK]

129. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

130. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(l)(C) and (D) by publishing the inaccurate Citibank reporting to Plaintiff's credit files with Defendants Equifax, Trans Union, and Experian and failing to correctly report results of an accurate investigation to each other credit reporting agency.

131. As a result of the conduct, actions and inactions of Defendant Citibank, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

132. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Defendant Citibank intended their employees or agents to follow.

133. The conduct, actions and inactions by Defendants were willful, rendering Defendant Citibank liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant Citibank was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

134. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT X

### VIOLATION OF THE CCRAA

### CAL. CIV. §§ 1785.25(A)

### [AGAINST DEFENDANT CITIBANK]

135. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

136. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendant Citibank violated Cal Civ § 1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

137. As a result of the conduct, actions and inactions of Defendant Citibank, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

138. The conduct, actions and inactions by Defendant Citibank was willful, rendering Defendant Citibank liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Defendant Citibank was negligent entitling the Plaintiff to recover under Cal. Civ. Code § 1731(a)(1).

139. The Plaintiff is entitled to recover actual damages, costs, and attorney's fees from Defendant Citibank in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(1).

///

**COUNT XI**

**VIOLATION OF THE CITA**

**CAL. CIV. CODE §§ 1798.93, ET SEQ.**

**[AGAINST DEFENDANT CITIBANK]**

140. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

141. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

142. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant Citibank based upon alleged debts and/ or security interest resulting from identity theft.

143. Plaintiff has provided written notice to Defendant Citibank that a situation of identity theft may exist with respect to the money, including a copy of the Anaheim PR. Defendant Citibank has failed to diligently investigate Plaintiff's notifications of identity theft. Defendant Citibank has continued to have a claim for money and/or interest in Plaintiff's money after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

144. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from Defendant Citibank, pursuant to Cal. Civ. Code § 1798.93(c)(6).

145. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant Citibank on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendant Citibank

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Defendant Citibank from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5), 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code §1731(a)(1), against Defendant Citibank;

b) An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant Citibank;

c) A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5) against Defendant Citibank;

d) An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant Citibank;

e) A declaration that Plaintiff is not obligated to Defendant Citibank on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1) against Defendant Citibank;

f) A declaration that any security interest, or other interest, Defendant Citibank purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2) against Defendant Citibank;

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

g) The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4) against Defendant Citibank;

h) An injunction restraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3) against Defendant Citibank;

i) Award of injunctive relief pursuant to Cal. Civ. Code § 1798.93(c)(3) that Defendant be ordered to immediately return to Plaintiff's money against Defendant Citibank;

j) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n, and 1681o, and Cal. Civ. Code §1785.31(a)(1) against each Defendant;

k) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o against each Defendant;

l) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1785.31(a)(1) against each Defendant;

m) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

n) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

o) An award of punitive damages against each Defendant; and

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

p) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY IS DEMANDED.**

146. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED: March 10, 2022

BY: /s/ LAUREN B. VEGGIAN

LAUREN B. VEGGIAN, ESQ.
MICHAEL F. CARDOZA, ESQ.
ATTORNEYS FOR PLAINTIFF,
SUSAN SALGADO

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## ELECTRONICALLY STORED INFORMATION REQUEST

1    This notice is to demand that you preserve all documents, tangible things and
2
3    electronically stored information ("ESI") potentially relevant to any issues in the
4    above-entitled matter. This specifically includes, but is not limited to, all
5    information pertaining to the above matter, including specifically all recordings of
6    any telephone communication between your company and Plaintiff.

7    As used in this request, "you" and "your" or "your client" refers to your
8    organizations, and its predecessors, successors in interest, assignees, parents,
9    subsidiaries, divisions or affiliates, and their respective officers, directors,
10   employees, servants, agents, attorneys, and accountants.

11   Much of the information subject to disclosure or responsive to discovery is
12   stored on your client's current and former computer systems and other media and
13   devices (such as: personal digital assistants, voice-messaging systems, online
14   repositories and cell phones).

15   Electronically stored information ("ESI") should be afforded the broadest
16   possible definition and includes (for example and not as an exclusive list)
17   potentially relevant information whether electronically, magnetically or optically
18   stored.

19   This preservation obligation extends beyond ESI in yours or your client's
20   care, possession or custody and includes ESI in the custody of others that is subject
21   to your client's direction or control. You must notify any current or former agent,
22   attorney, employee, custodian or contractor in possession of potentially relevant ESI
23   to preserve such ESI to the full extent of your client's obligation to do so, and you
24   must try to secure their compliance.

25
26
27
28

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**ELECTRONICALLY STORED INFORMATION REQUEST**